

UNITED STATES OF AMERICA,

Plaintiff,

v.

GARFIELD FOUNDATION, and
OPPORTUNITIES INVESTMENT ASSOCIATES
OF GREATER MILWAUKEE,

Defendants.

'05 JAN 11 AI1 :33

SOFRON B. NEDILSKY
CLERK

Case No. 04-CR-297

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and the defendants, Garfield Foundation and Opportunities Investment Associates of Greater Milwaukee, individually and each by attorney David J. Cannon, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES AND AUTHORIZATION FOR PLEAS

2. The defendants were jointly charged in an Information issued by the United States Attorney. Garfield Foundation ("hereinafter "Garfield") was charged with one-count of obstruction of justice, in violation of Title 18, United States Code, section 1519. Opportunities Investment Associates of Greater Milwaukee (hereafter "OIA") was charged with one count of misapplication of federal program funds, in violation of Title 18, United States Code, section 666.

3.     Garfield and OIA, through their respective Board of Directors, have authorized David J. Cannon to act on their behalf in this matter and to enter into this plea agreement. Through Attorney Cannon, the defendants have read and fully understand the charges contained in the Information and fully understand the nature and elements of the crime with which each has been charged.

4.     The defendants voluntarily agree to plead guilty to the charges contained in the Information. Garfield agrees to plead guilty to obstruction of justice; OIA agrees to plead guilty to misapplication of federal program funds.

## PENALTIES

5.     The parties understand and agree that the offenses involved herein each carry the following maximum penalties: Five (5) years probation and fines of $500,000. Each count also carries a mandatory special assessment of $250. The parties further recognize that a restitution order may be entered by the court.

## ELEMENTS

6.     (a) The parties understand and agree that in order to sustain the charge of obstruction of justice as set forth in Count One of the Information, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the defendant acted through agents authorized to act for the organization and such acts were within the scope of the employment of such agents;

Second, that in response to a grand jury subpoena, an agent of the defendant altered a record with intent to obstruct an investigation of the United States Attorney; and

Third, that the record related to a matter within jurisdiction of the United States Attorney.

2

(b) The parties understand and agree that in order to sustain the charge of

misapplication of federal program funds as charged in Count Two of the Information, the

government must prove each of the following propositions beyond a reasonable doubt:

First, that defendant acted through agents authorized to act for the organization and such acts were within the scope of the employment of such agents;

Second, that OIA was acting as an agent of Opportunities Industrialization Center of Greater Milwaukee ("OIC") at the time it disbursed in excess of $5,000 and, further, that at that time OIC had been the recipient of in excess of $10,000 under a federal program; and

Third, acting through its agents, OIA intentionally misapplied approximately $200,000 by sending the money to a television station controlled by the family of Gary R. George.

## SENTENCING AGREEMENTS

7. As part of the resolution of this matter, Garfield and OIA agree to cease

operations and go out of business. The parties understand and agree that the dissolution

will be in an orderly fashion, consistent with other terms of this agreement any sentence

imposed.

8. In exchange for the guilty plea and agreement to disband, the government

agrees not to charge Opportunities Industrialization Center of Greater Milwaukee, as an

entity, with a criminal offense for information now known by the government. This

agreement does not cover any individual, nor does it cover any future actions by

Opportunities Industrialization Center of Greater Milwaukee.

9. Both parties reserve the right to apprise the district court and the probation

office of any and all information which might be pertinent to the sentencing process,

3

including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

10.    Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

11.    The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The parties further understand that the United States Probation Office will make its own recommendations to the sentencing court.

12.    The parties make no agreements regarding the applicability of the federal sentencing guidelines.

13.    The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## DEFENDANTS' WAIVER OF RIGHTS

14.    In entering this agreement, each defendant acknowledges and understands that in so doing each surrenders any claims that may have been raised in any pretrial motion, as well as certain rights which include the following:

   a.    If the defendants persisted in a plea of not guilty to the charges, each would be entitled to a speedy and public trial by a court or jury. Each defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b.    If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court

4

would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.     At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

15.     Each defendant acknowledges and understands that by pleading guilty each is waiving all the rights set forth above. Each defendant, through counsel, further acknowledges the fact that the attorney has explained these rights to those authorizing him to act.

16.     Each defendant knowingly and voluntarily waives all claims that may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. Each defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act

## GENERAL MATTERS

17.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

5

18. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

19. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of these convictions.

20. The parties understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. Each defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

21. Each defendant acknowledges and understands if, acting through an authorized agent, either would violate any term of this agreement at any time, engage in any further criminal activity prior to sentencing, this agreement shall become null and void at the discretion of the government.

## VOLUNTARINESS OF DEFENDANT'S PLEA

22. Each defendant acknowledges, understands, and agrees that each will plead guilty freely and voluntarily because each is in fact guilty. Each defendant further acknowledges and agrees that no threats, promises, representations, or other inducements

6

have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendants to plead guilty.

GARFIELD FOUNDATION, INC.

Date: _1\11\05_   By: _____

DAVID J. CANNON
Attorney for Defendant

OPPORTUNITIES INVESTMENT ASSOCIATES
OF GREATER MILWAUKEE

Date: _1\11\05_   By: _____

DAVID J. CANNON
Attorney for Defendant

For the United States of America:

Date: _Jan 11, 2005_   _____

STEVEN M. BISKUPIC
United States Attorney

7